# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:24-CV-00597-RGJ

**DOUGLAS BROWNFIELD**                                                                 **PLAINTIFF**

**VS.**

**EQUIFAX INFORMATION SERVICES, LLC**                                    **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This case was removed from state court on October 16, 2024. [DE 1]. The Court entered the parties' agreement that Defendant Equifax Information Services, LLC's ("Equifax") time to answer be extended through November 22, 2024. [DE 7]. Since then, no answer was filed by Equifax and the time do so expired. On December 9, 2024 the Court ordered Plaintiff to show cause in writing within 14 days why this action should not be dismissed for failure to prosecute. [DE 8]. The 14-day deadline for Plaintiff to respond to why this case should not be dismissed for failure to prosecute has passed and no response was filed. The docket reflects no action.

The Court has authority to dismiss a defendant and claims against the defendant for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit employs a four-factor analysis for determining whether dismissal pursuant to Rule 41(b) for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Additionally, the less stringent

standards applied to *pro se* pleadings do not apply to "readily comprehended court deadlines." *Jourdan v. Jabe*, 951, F.2d 108, 110 (6th Cir. 1991).

As to the first factor, the docket reflects no action by the Plaintiff since the case was removed from state court other than the agreed extension of time in the record which was filed by Equifax. No answer was filed by Equifax and Plaintiff has taken no action. Plaintiff has failed to respond to the Court's show-cause order and several weeks have passed since that deadline expired. Plaintiff is not making effort to prosecute the case. The second factor is somewhat neutral. As to the third factor, Plaintiff was warned that his case was subject to dismissal for failure to prosecute as he was ordered to show cause as to why the case should not be dismissed for failure to prosecute. Plaintiff failed to respond to that order. Finally, given the totality of the circumstances and failure to prosecute this action, an order compelling compliance and ordering sanctions is unlikely to result in cooperation. Because Plaintiff failed to prosecute his case against Equifax, and failed to comply with Court orders, Plaintiff's claims against Equifax should be dismissed.

## CONCLUSION

Based on the above findings, **IT IS ORDERED** that Plaintiff's claims against Defendant Equifax are **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Rebecca Grady Jennings, District Judge
United States District Court

January 17, 2025